# LAND CONTRACT



DEBTOR EXHIBIT 1

This land contract entered into by and between Donna Lively hereinafter called the "seller" and Steven & Deshanta Marshall hereinafter called the "buyers".

Let it be said that the seller agrees to sell to the buyers and the buyers agrees to buy upon the terms and conditions hereinafter specified, the following described real property.

Situated in the County of Appomattox, the state of Virginia and being more particulary described as follows, to-wit:

All that certain tract or parcel of real estate, lying and being in the Southside Magisterial District of Appomattox County, Virginia, with all buildings and improvements thereon, and the privileges and appurtenances thereunto belonging, situated on the Southeast side of State Secodary Highway 604, containing 0.53 arce, more or less, as shown and described on a certain plat of survey, dated May 15 1971, made by Carroll Gillispie CLS/SBC, which plat is of record in the Clerk's Office of the Circuit Court of Appomattox County, Virginia in Deed Book 109, at page 8, to which plat reference is hereby made for a more complete description of the property herein conveyed.

Being the same identical property that was conveyed unto the parties of the first part by Deed dated the 14th day of November, 1980 which Deed is recorded in the aforesaid Clerk's Office in Deed Book 147, at page 809.

This conveyance is made subject to easements, conditons and restrictions of record insofar as the same way lawfully affect said property.The toatla purchase price of the property is One Hundred Twenty-Five Thousands Dollars (125,000) payable as follows $730.74 each month. Payment is due on the 5th of each month.

It is further herby agreed that if a monthly payment is missed and failed to be paid within 60 days, or 2 months, then at the expiration of the 60 days both parties of the first part sall have the right to consider this contract void

and cancel same and use the prior payments as rent. The parties of the second part shall forfeit any rights they have in this contract.

The buyers are responsible for the upkeep of said property and agree to keep up in good workman like manner, and pay the real estate taxes when they come due and owing and the buyers will also keep up the insurance on said property.

It is further agreed that if and when the purchase price is paid in full then the parties of the first part shall execute a good and sufficient deed of General Warranty Conveying said property unto the parties of the second part whoever they shall direct in writing. Possession of said real estate shall be delivered unto the buyers upon the execution of this conition. The rise of loss by fire or other casualty prior to the execution of this contract shall be upon buyer.

In the event of the death of either or both parties of the seller, payments shall continue to the executive of their estate.

This contract shall insure to the benefit of and bind the heirs, personal representativesand assigns of the respective parties hereto.

Witness the following signautures and scals:

_Donna C. Lively_ _Steven & Deshanta Marshall_

County of Appomattox
State of Virginia
Notary Cynthia Ann Mayberry
Expires - 5/18/18


DEBTOR EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):    **Steven M Marshall**
                     **Deshanta O Marshall**              Case No: **17-60599**

This plan, dated **March 27, 2017**, is:

☑ the *first* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
   ☐ confirmed or ☐ unconfirmed Plan dated .

Date and Time of <u>Modified Plan</u> Confirming Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

   Total Assets: **$160,151.00**
   Total Non-Priority Unsecured Debt: **$77,399.20**
   Total Priority Debt: **$712.15**
   Total Secured Debt: **$175,594.08**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Case 17-60599    Doc 49    Filed 08/14/17    Entered 08/14/17 15:09:34    Desc Main
Case 17-60599    Doc 20    Filed 04/11/17    Entered 04/11/17 14:36:32    Desc Main
                           Document          Page 2 of 14

4/11/17 2:34PM

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$600.00 Monthly for 48 months**. Other payments to the Trustee are as follows: __NONE__. The total amount to be paid into the plan is $ __28,800.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $ __3,950.00__ balance due of the total fee of $ __3,950.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Appomattox Co | Taxes and certain other debts | 425.15 | Prorata 4 months |
| Child Support Va | Domestic support obligations | 75.00 | Prorata 2 months |
| Jamie Ferguson | Domestic support obligations | 0.00 | Prorata 0 months |
| Prince Edward County Treasurer | Taxes and certain other debts | 212.00 | Prorata 2 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

4/11/17 2:34PM

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Check Into Cash | 2003 Chevrolet Trailblazer 256000 miles<br>***- please see the additional language in paragraph 11F☐ | 1,626.00 | 800.00 |
| Herman's Motor Sales | 2004 Pontiac Grand Am 170,000 miles<br>***- please see the additional language in paragraph 11F☐ | 1,446.00 | 3,600.00 |
| Vanderbilt Mortgage | 2014 Holified<br>Land 2 acres  68 Leroy Drive, Pamplin Va. and Doublewide<br>***- please see the additional language in paragraph 11F☐ | 41,000.00 | 96,000.00 |

C.  **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Kennan Auto Sales | 2008 Nissan Altima 215000 miles | 26.00 for 9 months | trustee |
| Prime Drive | 2003 Lincoln Navigator 132000 miles | 38.20 for 9 months | trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.  **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| Kennan Auto Sales | 2008 Nissan Altima 215000 miles | 2,421.25 | 4.25% | 71.75<br>36 months |
| Prime Drive | 2003 Lincoln Navigator 132000 miles | 9,826.20 | 0%- interest was included in the purchase price of the loan therefore no interest will be paid through the chapter 13 plan | 272.95<br>36 months |

E.  **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Case 17-60599    Doc 49    Filed 08/14/17    Entered 08/14/17 15:09:34    Desc Main
Case 17-60599    Doc 20    Filed 04/11/17    Entered 04/11/17 14:36:32    Desc Main
                          Document      Page 4 of 14

                                        4/11/17  2:34PM

4.  **Unsecured Claims.**

   A.  **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __8__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

   B.  **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5.  **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A.  **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Donna Lively | 5324 Promiseland Road Appomattox, VA 24522 Appomattox County | 730.74 | 1,883.40 | 0% | 10 months | Prorata |

   B.  **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   C.  **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.  **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A.  **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Case 17-60599    Doc 49    Filed 08/14/17    Entered 08/14/17 15:09:34    Desc Main
Case 17-60599    Doc 20    Filed 04/11/17    Entered 04/11/17 14:36:32    Desc Main
                          Document       Page 7 of 12
                          Document       Page 5 of 14

4/11/17 2:34PM

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| Donna Lively | Land Sales Contract | ***see 5A for arrears and treatment | *** see 5A for arrears and treatment | *** see 5A for arrears and treatment |

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

    **(a). Additional Adequate Protection:**
    **Adequate Protection also consists of the following in this case:**

    **_x__The Debtor's payment required by Paragraph 1 shall be made to the Trustee either by wage deduction, TFS or a direct pay order**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

_x_ Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.

(b). Attorneys Fees

Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 4, 5, 6 herein.

(c). Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Paragraphs 5(a) and 6(b).

| Creditor | Month Debtor to resume regular direct payments |
|---|---|
| Donna Lively | April 2017 |

F. Other:

(1). ########ATTENTION ALL SECURED CREDITORS LISTED IN PARAGRAPH 5 #######:
PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT. ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PARAGRAPH 5, SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE. SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.

(2) ************ ATTENTION, CREDITORS LISTED IN PARAGRAPH 3(B).****************
THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                            Best Case Bankruptcy

4/11/17 2:34PM

**Signatures:**

Dated:   March 27, 2017

/s/ Steven M Marshall                          /s/ Stephen E. Dunn
**Steven M Marshall**                          **Stephen E. Dunn 26355**
**Debtor**                                     **Debtor's Attorney**

/s/ Deshanta O Marshall
**Deshanta O Marshall**
**Joint Debtor**

Exhibits:    Copy of Debtor(s)' Budget (Schedules I and J);
             Matrix of Parties Served with Plan

Certificate of Service

I certify that on   **April 11, 2017**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Stephen E. Dunn
**Stephen E. Dunn 26355**
Signature

**201 Enterprise Drive**
**Suite A**
**Forest, VA 24551**
Address

**434-385-4850**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**DEBTOR EXHIBIT 3**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

In re
**Steven M. Marshall**
**Deshanta O Marshall**
Debtor(s)

**Chapter 13**
**Case No 17-60599**

## ORDER CONFIRMING PLAN

The Chapter 13 Plan filed by the Debtor(s) 4/11/2017, having been transmitted to all creditors; and it having been determined that the plan meets each of the requirements of 11 U.S.C. § 1325(a);

It is ORDERED that:

(1) The Plan as filed or modified is CONFIRMED.

(2) Upon entry of this order, all property of the estate shall revest in the Debtor(s). Notwithstanding such revesting, the Debtor(s) shall not encumber, refinance, sell or otherwise convey real property without first obtaining an order of approval from this Court.

(3) All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such disbursement would be de minimis, in which case the funds may be disbursed to the Debtor(s) or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee. All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal or conversion shall be refunded to the Debtor(s) at their address of record.

(4) Other provisions:
**Trustee withdraws Motion to Dismiss.**

Date: May 26, 2017

/s/ Herbert L. Beskin
Herbert L. Beskin, Trustee

*Rebecca B Connelly*
United States Bankruptcy Judge

Service of this Order is directed to the Debtor(s), Debtor(s) Attorney, the Trustee, the United States Trustee, the Internal Revenue Services, the U.S. Attorney, Debtor(s)' employer (if any wage deduction order is being modified) and all creditors specifically dealt with by the terms of this order.

**SUMMONS FOR UNLAWFUL DETAINER**
(CIVIL CLAIM FOR EVICTION)
VA. CODE § 8.01-126
Commonwealth of Virginia
.......... Appomattox .......... General District Court
CITY OR COUNTY
297 Court St, Appomattox, VA
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: Summon the Defendant(s) as provided below:
TO THE DEFENDANT(S): You are commanded to appear before this Court on
8/15/17 @ 1:00pm ................ to answer this civil claim.
RETURN DATE AND TIME

7/28/17 .......... S Martin ..........
DATE ISSUED     [ ] CLERK [X] DEPUTY CLERK [ ] MAGISTRATE

**CLAIM AND AFFIDAVIT:** That Defendant(s) unlawfully detains and withholds from Plaintiff(s):
5324 Promise Land Road
ADDRESS/DESCRIPTION OF DETAINED PROPERTY
and that the Defendant should be removed from possession based on the following:
[X] unpaid rent [ ] ..........
and further that rent is due and owing and damages have been incurred as follows:
$ 2,162.68 rent due for July 2016 – July ........ and $ ........ late fee
To Be Determined  RENT  + TAX PERIOD vs. 2017
and $ .......... damages for .......... with interest ..........
RATE(S) AND BEGINNING DATE(S)
and $ costs .. 68 .......... and $ .......... civil recovery and $ .......... attorney's fees.
[X] Plaintiff requests judgment for all amounts due as of the date of the hearing.
[X] This summons is filed to terminate a tenancy pursuant to the Virginia Residential Landlord and Tenant Act, § 55-248.2 et seq. of the Code of Virginia.
All required notices have been given. Donna Lively
[X] PLAINTIFF(S)   [ ] PLAINTIFF'S ATTORNEY   [ ] PLAINTIFF'S AGENT
Subscribed and sworn to before me this 28 day of July .........., 20 17
My commission expires: ..........
NOTARY REGISTRATION NO. .......... S Martin
[ ] CLERK [X] DEPUTY CLERK [ ] MAGISTRATE [ ] NOTARY PUBLIC
[ ] City [ ] County of ..........

**CASE DISPOSITION**
[ ] JUDGMENT that Plaintiff(s) recover against { [ ] ..........
[ ] possession of the premises described above pursuant to § 8.01-128.     [ ] named DEFENDANT(S).
[ ] A hearing shall be held on .......... to establish final rent and damages.
DATE AND TIME
[ ] Immediate writ of possession authorized pursuant to Virginia Code
    [ ] § 8.01-129 based upon a judgment of default for [ ] a trustee's deed following foreclosure
    [ ] the nonpayment of rent [ ] immediate non-remediable termination.
    [ ] § 55-243(C) or § 55-248.34:1(D).
DEFENDANT(S) PRESENT? [ ] YES [ ] NO
..........                    ..........
DATE                          JUDGE
[ ] Rent, in the sum of $ .......... and $ .......... late fee
and $ .......... damages with interest .......... and
RATE(S) AND BEGINNING DATE(S)
$ .......... costs and $ .......... civil recovery and $ .......... attorney's fees.
HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] CANNOT BE DEMANDED
[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] ..........
[ ] NON-SUIT [ ] DISMISSED DEFENDANT(S) PRESENT? [ ] YES [ ] NO
..........                    ..........
DATE                          JUDGE
FORM DC-421 FRONT 07/14   (A161736 11/15)

---

CASE NO. GV17000445-00
Donna Lively
PLAINTIFF(S) NAME(S) (LAST, FIRST, MIDDLE)
2006 Bent Cr Rd
Concord, VA 24538
TELEPHONE NUMBER

v.

Steve & D'Shanta Marshall
DEFENDANT(S) NAME(S) (LAST, FIRST, MIDDLE)
5324 Promise Land Rd
Concord,
Appomattox, VA 24522
TELEPHONE NUMBER

**TO DEFENDANT:** You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location and your right to prevent this unlawful detainer action through payment of amounts owed.

[ ] To dispute this case, you **must** appear on the return date to try this case
[ ] To dispute this case, you **must** appear on the return date for the judge to set another date for trial.

If you fail to appear and a default judgment is entered against you, a writ of possession may be issued immediately for possession of the premises.

Bill of Particulars ordered ..........
                               DUE DATE
Grounds of Defense ordered ..........
                               DUE DATE

ATTORNEY FOR PLAINTIFF(S)
..........
..........
..........
                               TELEPHONE NUMBER
ATTORNEY FOR DEFENDANT(S)
..........
..........
..........
                               TELEPHONE NUMBER

**DISABILITY ACCOMMODATIONS** for loss of vision, hearing, mobility, etc. Contact the court ahead of time.

---

**HEARING DATE AND TIME**
8/15/17
1:00pm

**DEBTOR EXHIBIT 4**

[ ] Redemption tender presented; continued to:
..........
HEARING DATE AND TIME

[ ] Defendant must pay:
$ ..........
RENT OWED
into the court to be held in escrow by
..........
DATE
and any rents coming due prior to the next hearing date must also be paid into the court.
..........
JUDGE'S INITIALS

MONEY JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION
..........
DATE
..........
CLERK

**WARRANT IN DETINUE** (CIVIL CLAIM FOR SPECIFIC PERSONAL PROPERTY) *return*
Commonwealth of Virginia  Va. Code §§ 16.1-79, 8.01-114, 8.01-121

........Appomattox.......................................... General District Court
CITY OR COUNTY
297 Court St. Appomattox, VA
STREET OF ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summon the defendant(s).
TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on

8/15/17 @ 1:00 pm ......... to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

7/28/17                                    (signature)
DATE ISSUED          [ ] CLERK  [✓] DEPUTY CLERK  [ ] MAGISTRATE

CLAIM: Plaintiff(s) claim the item(s) below to be unjustly withheld from Plaintiff's possession by Defendant(s).

| ITEM | ALTERNATE VALUE | ITEM | ALTERNATE VALUE |
|---|---|---|---|
| 1. Hardy Woodstove | 2,500 | 5. | |
| 2. | | 6. | |
| 3. | | 7. | |
| 4. | | 8. | |

| $ TOTAL ALTERNATE VALUE | $ COSTS | INTEREST AT THE RATE OF % | $ AMOUNT CLAIMED AS ATTY'S FEES | $ DAMAGES CLAIMED DUE TO UNJUST DETENTION |
|---|---|---|---|---|
| 2500 | 58 | | | |

Plaintiffs seek possession of the items listed above, or their alternative values, damages resulting from the unjust detention of the items by Defendant(s), attorney's fee as indicated and interest as indicated. The alternate values given are based upon [ ] actual value [or] [ ] amount due on written contract of sale for which the items were offered as security.

THE BASIS OF CLAIM IS: [ ] WRITTEN CONTRACT OF SALE  [ ] OTHER (EXPLAIN) ........................

HOMESTEAD EXEMPTION WAIVED?  [ ] YES   [ ] NO   [ ] cannot be demanded

7-28-17                             Donna Lively
DATE          [ ] PLAINTIFF  [ ] PLAINTIFF'S ATTORNEY  [ ] PLAINTIFF'S EMPLOYEE/AGENT

[ ] JUDGMENT that Plaintiff(s) recover against [ ] named Defendant(s) [ ] ....................
possession of each item listed above, or its alternate value as shown above, at the election of
[ ] Plaintiff(s) [or] [ ] Defendant(s), (if made within ............ days, then at election of Plaintiff(s)), with the exception of the following item nos. ................................................
($.............. Total Alternate Value Recoverable: $ ............... damages with
interest: ................. $ ................. costs and $ ................ attorney's fee.
INTEREST RATE AND BEGINNING DATE

Homestead exemption waived? [ ] Yes [ ] No [ ] Cannot be demanded
[ ] Judgment for [ ] Named defendant(s) [ ] ................................................

[ ] Non-suit  [ ] Dismissed .................................................
Defendant(s) present?  [ ] YES  [ ] NO

...................................    _____
DATE                                   JUDGE

FORM DC-414 (FRONT) REVISED 07/04    (A162319  2/16)

---

CASE NO. GV17000446-00

DONNA Lively
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)
1006 Buter Rd
Concord
VA 24538

v.

DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)
Steve Marshall
5329 Promise Land Rd
Appomattox, VA 24572

**WARRANT IN DETINUE**

| RECEIPT NO. | DATE FEE RECEIVED |
|---|---|

* * *
TO DEFENDANT: You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location.

[ ] To dispute this claim, you **must** appear on the return date to try this case.

[ ] To dispute this claim, you **must** appear on the return date for the judge to set another date for trial.

Bill of Particulars ................................
                        ORDERED         DUE
Grounds of Defense ................................
                        ORDERED         DUE

ATTORNEY FOR PLAINTIFF(S)
..................................................

ATTORNEY FOR DEFENDANT(S)
..................................................

---

HEARING DATE AND TIME
8/15/17
1:00 pm

**DEBTOR EXHIBIT 5**

JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION.

....................
DATE

....................
CLERK

DISABILITY ACCOMMODATIONS for loss of hearing, vision, mobility, etc., contact the court ahead of time.